T.C. Memo. 1999-371

UNITED STATES TAX COURT

MARK AND HELEN THOMSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23704-97.                    Filed November 8, 1999.

<u>Conrad D. Carnes</u>, for petitioners.

<u>Jean Bass</u> and <u>Nguyen-Hong K. Hoang</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined the following defi-
ciencies in, and accuracy-related penalties under section
6662(a)[1] on, petitioners' Federal income tax:

---

[1]All section references are to the Internal Revenue Code
(Code) in effect for the years at issue.  All Rule references are
to the Tax Court Rules of Practice and Procedure.

| Year | Deficiency | Accuracy-Related Penalty |
|------|-----------|--------------------------|
| 1993 | $51,860 | $4,720 |
| 1994 | 122,417 | 10,647 |

The issues remaining for decision are:

(1) Are petitioners required to utilize a 3-year recovery period as contended by petitioners or a 5-year recovery period as contended by respondent in calculating depreciation deductions for the years at issue for certain aircraft parts purchased during those years?  We hold that they are required to use a 5-year recovery period.

(2) Are petitioners liable for the accuracy-related penalty under section 6662(a) for each of the years at issue?  We hold that they are.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  In addition, on December 1, 1998, respondent filed a request for admissions with the Court, a copy of which the Court served on petitioners on December 4, 1998.  On December 4, 1998, the Court ordered petitioners to file a response to that request on or before January 4, 1999.  Petitioners did not file any response to respondent's request for admissions.  As a result, each matter set forth in respondent's request for admissions is deemed admitted.  See Rule 90(c); Marshall v. Commissioner, 85 T.C. 267, 272 (1985).

Petitioners resided in Adelanto, California, at the time

they filed the petition.

During the years at issue, petitioner Mark Thomson (petitioner or Mr. Thomson) operated a business known as Aviation Warehouse (Aviation) which rented aircraft parts to motion picture studios (movie studios) for use in film production. Aviation also sold photocopies of pages from books on aircraft in a library that it maintained for that purpose.

During the years at issue, Mr. Thomson purchased most of the aircraft parts and books used in Aviation's business activities at auctions held throughout the United States. At those auctions, petitioner usually obtained aircraft parts and books in large quantities because he speculated that he would be able to use at least some of those parts and books in those activities. Mr. Thomson did not dispose of any of the aircraft parts and books purchased at auctions that he found unsuitable for use in Aviation's business activities.

After the conclusion of film production, the movie studios returned to Aviation the aircraft parts that they had rented from it. Those parts were often returned to Aviation in a damaged condition and sometimes with pieces missing. After a movie studio returned a damaged aircraft part to Aviation, Mr. Thomson sometimes attempted to repair the part in order to make it suitable to be rented again to a movie studio. However, after having been subjected to wear and tear from its use by movie

studios, an aircraft part deteriorated over time, which varied depending on the particular aircraft part and its treatment by the movie studios during rental.

During the years at issue, petitioner stored many of the aircraft parts that he acquired outdoors on land that he owned in the desert (desert property). Exposure to the weather also caused some of those parts to deteriorate and become useless to Aviation's business activities. Mr. Thomson did not dispose of any of those deteriorated aircraft parts. Instead, he retained them, together with the aircraft parts that he was holding for rental, on his desert property.

During the years at issue, Mr. Thomson did not maintain any records showing (1) the specific aircraft parts rented by Aviation to the movie studios, (2) when the aircraft parts were returned by those movie studios, and (3) whether or not the aircraft parts that were rented needed to be replaced or repaired after those movie studios returned them to Aviation.

Petitioners filed Form 1040, U.S. Individual Income Tax Return, for each of the years 1993 and 1994. Petitioners reported certain income and claimed certain expenses from Aviation's business activities in Schedule C of Form 1040 (Schedule C) for each of those years.

## OPINION

Petitioners bear the burden of proving that the determina-

tions in the notice of deficiency (notice) are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Depreciation Deductions for Aircraft Parts

In the notice issued to petitioners, respondent disallowed the cost, inter alia, of the aircraft parts which Mr. Thomson acquired during 1993 and 1994 and which petitioners claimed as cost of goods sold in Schedule C for each of those years. Respondent further determined in the notice that petitioners are entitled to depreciation deductions for each year at issue with respect to the aircraft parts that Mr. Thomson purchased during each such year. Respondent calculated the depreciation deductions for certain of the aircraft parts in question over a 5-year recovery period and for certain other such parts over a 7-year recovery period. Respondent concedes on brief that all of the aircraft parts in question are depreciable over a 5-year recovery period.

Although not altogether clear, as we understand it, petitioners are arguing for the first time on brief that the aircraft parts[2] that Mr. Thomson purchased during each of the years 1993 and 1994 are depreciable over a 3-year recovery period.[3]

---

[2]Petitioners do not dispute respondent's determinations regarding the books that Mr. Thomson purchased and used in Aviation's business activities.

[3]Petitioners contended at trial that for each year at issue they are entitled to deduct as abandonment losses under sec. 165(a) the total amounts that Mr. Thomson spent during each such

Section 167(a) permits a depreciation deduction for, inter alia, property used in a trade or business. Pursuant to section 168(a), the depreciation deduction for any tangible property generally is to be determined by using the applicable depreciation method, the applicable convention, and the applicable recovery period. The parties' dispute here is over the applicable recovery period for the aircraft parts in question.

For purposes of section 168, the applicable recovery period in the case of 3-year property is 3 years, and the applicable recovery period in the case of 5-year property is 5 years. See sec. 168(c). Section 168(e)(1) classifies property as (1) 3-year property if such property has a class life of 4 years or less and (2) as 5-year property if such property has a class life of more than 4 years but less than 10 years.

As pertinent here, the term "class life" is defined by section 168(i)(1), to mean, in general, the class life, if any, which would be applicable with respect to any property as of January 1, 1986, under section 167(m) (determined without regard to section 167(m)(4) and as if the taxpayer had made an election under section 167(m)), as in effect on the day prior to the date of the enactment of the Omnibus Budget Reconciliation Act of

---

year to acquire various aircraft parts. On brief, petitioners do not advance that argument. We therefore presume that petitioners have abandoned their position at trial under sec. 165. See Rybak v. Commissioner, 91 T.C. 524, 566 n.19 (1988).

1990, Pub. L. 101-508, sec. 11812(a), 104 Stat. 1388, 1388-534 (former section 167(m)). Former section 167(m) permitted depreciation deductions to be determined with respect to a depreciable asset on the basis of a class life prescribed for such asset by the Secretary of the Treasury or his delegate (Treasury). The class lives prescribed by the Treasury for various depreciable assets are found in a series of revenue procedures issued by the Commissioner of Internal Revenue. See sec. 1.167(a)-11(b)(4)(ii), Income Tax Regs. The revenue procedure in effect for the years at issue is Rev. Proc. 87-56, 1987-2 C.B. 674, as clarified and modified by Rev. Proc. 88-22, 1988-1 C.B. 785 (Rev. Proc. 87-56).

Rev. Proc. 87-56 divides depreciable assets into two broad categories: (1) Asset guideline classes (asset classes) 00.11 through 00.4, consisting of specific depreciable assets used in all business activities (the asset category), and (2) asset classes 01.1 through 80.0, consisting of depreciable assets used in specific business activities (the activity category). See Rev. Proc. 87-56, 1987-2 C.B. at 676-687. The same item of depreciable property may be listed in both the asset category and the activity category. See, e.g., Rev. Proc. 87-56, supra at 681; see also Norwest Corp. v. Commissioner, 111 T.C. 105, 159 (1998). In the event that a depreciable asset is listed in Rev. Proc. 87-56 in both the asset category and the activity category,

the asset category takes priority over the activity category.
See Norwest Corp. v. Commissioner, supra at 162-164. Any depre-
ciable asset which does not have a class life is classified as 7-
year property and has a recovery period of 7 years. See sec.
168(e)(3)(C)(ii); Rev. Proc. 87-56, supra at 687.

Petitioners contend on brief that the useful life of each of
the aircraft parts in question is less than 4 years and that
therefore they are entitled to depreciate those parts over a 3-
year recovery period. The useful life of a particular asset is
not controlling in determining the applicable recovery period
under section 168.[4] In any event, on the record before us, we
find that petitioners have failed to establish that the useful
life of each of the aircraft parts in question is less than 4
years. We further find on that record that petitioners have
failed to establish that the class life of the aircraft parts in
question is 4 years or less.

Based on our examination of the entire record in this case,
we find that petitioners have failed to satisfy their burden of
showing error in respondent's determination, as modified on brief

---

[4]Sec. 168 was enacted into the Code by the Economic Recovery
Tax Act of 1981, Pub. L. 97-34, sec. 201, 95 Stat. 172. One of
the purposes of sec. 168 was to simplify the depreciation rules
by eliminating the need to adjudicate matters such as useful
life, a concept which is inherently uncertain and results in
disagreements between taxpayers and the Internal Revenue Service.
See Simon v. Commissioner, 68 F.3d 41, 45 (1995) (citing S. Rept.
97-144 at 47 (1981), 1981-2 C.B. 412, 425), affg. 103 T.C. 247
(1994).

in petitioners' favor, that the aircraft parts in question are depreciable over a 5-year recovery period.

Accuracy-Related Penalty

Respondent determined in the notice that petitioners are liable for the accuracy-related penalty under section 6662(a) for each of the years 1993 and 1994 because their underpayment of tax for each of those years was due to negligence or disregard of rules or regulations.

For purposes of section 6662(a), the term "negligence" includes any failure to make a reasonable attempt to comply with the Code, and "disregard" includes any careless, reckless, or intentional disregard. See sec. 6662(c). Negligence has also been defined as a lack of due care or failure to do what a reasonable person would do under the circumstances. See Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), affg. T.C. Memo. 1991-179; Antonides v. Commissioner, 91 T.C. 686, 699 (1988), affd. 893 F.2d 656 (4th Cir. 1990).

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment if it is shown that there was reasonable cause for such portion and that the taxpayer acted in good faith. See sec. 6664(c)(1). The determination of whether the taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is

the extent of the taxpayer's efforts to assess his or her proper tax liability.  See id.

Petitioners presented no evidence and make no argument regarding the accuracy-related penalties determined by respondent for 1993 and 1994.  On the record before us, we sustain respondent's determinations that petitioners are liable for each of the years 1993 and 1994 for the accuracy-related penalty with respect to their underpayment of tax for each of those years.

To reflect the foregoing and the concessions of the parties,

Decision will be entered under

Rule 155.